IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **MARA B. KNIAZ, et al.** | * |
| **Plaintiffs** | * |
| v. | * |
| | Civil Action No. 19-CV-01343-LO-IDD |
| | * |
| **KAY MANAGEMENT COMPANY, et al.** | |
| | * |
| **Defendants** | |
| | * |

\* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants Malibu Circle Associates Limited Partnership; Kay Jack et al.; Paxton Duke Associates Limited Partnership; and North Beauregard Associates Limited Partnership hereby move this Court for partial dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof state:

### Introduction

This is an action by Plaintiffs Mara B. Kniaz, Kuir Phillips, and Housing Opportunities Made Equal of Virginia ("HOME") alleging "Defendants" apply a criminal records screening policy that has a disproportionately adverse impact on racial minorities. Plaintiffs contend these alleged policies violate the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and the Virginia Fair Housing Law, Va. Code Ann. § 36-96.3.

Plaintiffs' claims against Defendant North Beauregard Associates Limited Partnership ("North Beauregard") should be dismissed, because Plaintiffs' Complaint completely fails to allege any facts regarding North Beauregard. Additionally, Plaintiffs Kniaz and Phillips lack standing to assert claims against Defendants Malibu Circle Associates Limited Partnership

("Malibu Circle"), Kay Jack et al., Paxton Duke Associates Limited Partnership ("Paxton Duke"), and North Beauregard, because they have not alleged that they personally have suffered some actual or threatened injury as a result of the putatively improper conduct of those Defendants.

## Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

## Argument

**A. Plaintiffs have failed to state a claim against North Beauregard.**

Plaintiffs' Complaint fails to allege any facts regarding North Beauregard. Indeed, North Beauregard is only mentioned one time throughout the entire Complaint – in Paragraph 22 which

merely states that "North Beauregard directly or indirectly owns and/or manages the Woodmont Park Apartments" and "is directly or indirectly owned and/or controlled by Defendant Kay Management." The remainder of the Complaint is completely devoid of any allegations regarding North Beauregard.

HOME alleges that it conducted phone-based tests at Pinewood Plaza, Barcroft Plaza Apartments, Barcroft View Apartments, and London Park Towers. *See* Compl., at ¶¶ 41-46. The Complaint does not allege that HOME conducted any tests at Woodmont Park Apartments or spoke to anyone from North Beauregard. There are no allegations of any improper conduct committed by North Beauregard. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted against North Beauregard, so North Beauregard must be dismissed pursuant to Rule 12(b)(6).

**B. Plaintiffs Kniaz and Phillips lack standing to assert claims against Defendants Malibu Circle, Kay Jack et al., Paxton Duke, and North Beauregard.**

Plaintiffs Kniaz and Phillips have not alleged any case or controversy between themselves and Malibu Circle, Kay Jack et al., Paxton Duke, and North Beauregard. "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979). In order to satisfy Article III of the Constitution, plaintiffs must show that they personally have suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendants. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 72 (1978). "Otherwise, the exercise of federal jurisdiction 'would be gratuitous and thus inconsistent with the Art. III limitation.'" *Gladstone Realtors*, 441 U.S. at 99 (*quoting Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S., 26, 38 (1976)).

> Even when a case falls within these constitutional boundaries, a plaintiff may still lack standing under the prudential principles by which the judiciary seeks to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to those litigants best suited to assert a particular claim. For example, a litigant normally must assert an injury that is peculiar to himself or to a distinct group of which he is a part, rather than one "shared in substantially equal measure by all or a large class of citizens." *Warth v. Seldin*, 422 U.S., 490, 499 (1975). He also must assert his own legal interests rather than those of third parties.

*Gladstone Realtors*, 441 U.S. at 99-100.

While Congress may, by legislation, expand standing to the full extent permitted by Art. III, thus permitting litigation by one "who otherwise would be barred by prudential standing rules;" it may not, however, abrogate the Art. III minima: A plaintiff must always have suffered "a distinct and palpable injury to himself," that is likely to be redressed if the requested relief is granted. *See Gladstone Realtors*, 441 U.S. at 100 (*quoting Warth v. Seldin*, 422 U.S. at 501; *Simon*, 426 U.S. at 38).

Plaintiffs Kniaz and Phillips have not alleged that they personally have suffered some actual or threatened injury as a result of the putatively improper conduct of Malibu Circle, Kay Jack et al., Paxton Duke, and North Beauregard. *See Duke Power Co.* 438 U.S. at 72. In fact, Plaintiffs Kniaz and Phillips have not alleged that any conduct by Malibu Circle, Kay Jack et al., Paxton Duke, and North Beauregard has affected them in any way. Plaintiffs Kniaz and Phillips have not even alleged that they have ever had any contact with Malibu Circle, Kay Jack et al., Paxton Duke, or North Beauregard, and have not alleged that they sought housing at Barcroft Plaza Apartments, Barcroft View Apartments, London Park Towers, or Woodmont Park Apartments or had any contact with those apartment communities.

Plaintiffs Kniaz and Phillips have failed to allege any case or controversy between themselves and Malibu Circle, Kay Jack et al., Paxton Duke, and North Beauregard so they lack standing to pursue claims against those Defendants and their claims against those Defendants must be dismissed pursuant to Rule 12(b)(6).

## Conclusion

Defendant North Beauregard Associates Limited Partnership respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint against it with prejudice for failure to state a claim upon which relief can be granted. Additionally, Defendants Malibu Circle Associates Limited Partnership, Kay Jack,et al., Paxton Duke Associates Limited Partnership, and North Beauregard Associates Limited Partnership respectfully requests that this Honorable Court dismiss Plaintiffs Mara B. Kniaz's and Kuir Phillips' claims against them for lack of standing.

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward, VSB# 94295
Downs Ward Bender Hauptmann & Herzog, P.A.
Executive Plaza III, Suite 400
11350 McCormick Road
Hunt Valley, Maryland 21031
Phone: 410-584-2800
Fax: 410-584-2020
mward@downs-ward.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of December 2019, a copy of the foregoing Motion to Dismiss was electronically filed to all counsel of record.

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward